**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3592-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBENS SYNTIL,

    Defendant-Appellant.

_____

> Submitted October 22, 2024 – Decided December 10, 2024
>
> Before Judges Gilson and Bishop-Thompson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 19-10-1964.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).
>
> William E. Reynolds, Atlantic County Prosecutor, attorney for respondent (Thomas M. Cilla, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Robens Syntil appeals from a May 18, 2023 order denying his petition for post-conviction relief (PCR) and his motion to withdraw his guilty plea. He asserts that his trial counsel was undergoing cancer treatment and forced him to plead guilty. He also argues that his plea was not voluntary and, therefore, he should have been allowed to withdraw his guilty plea. Finally, he contends that he was entitled to an evidentiary hearing. The record and law do not support defendant's arguments. Accordingly, we affirm.

I.

Defendant pled guilty to first-degree possession of more than five ounces of cocaine with the intent to distribute. N.J.S.A. 2C:35-5(a)(1). Before pleading guilty and under oath, defendant testified that he had reviewed his plea agreement in detail with his counsel. He also confirmed that he was satisfied with his counsel's representation, he was pleading guilty voluntarily, and no one had pressured or coerced him to plead guilty.

In pleading guilty, defendant admitted that he received a package in the mail that contained 280 grams of cocaine, and the cocaine weighed more than five ounces. He also admitted that he intended to sell the cocaine and that he knew that his possession and intended sale of cocaine was illegal. In accordance

with his negotiated plea agreement, defendant was sentenced to ten years in prison with three and a half years of parole ineligibility.

On direct appeal, defendant challenged only his sentence. We rejected that challenge and affirmed his sentence. State v. Syntil, No. A-2032-20 (App. Div. Oct. 27, 2021).

In February 2022, defendant, representing himself, filed a PCR petition claiming his trial counsel had been ineffective. Specifically, he contended that his trial counsel had been undergoing treatment for cancer, he was not aware of that treatment, and his trial counsel forced him to plead guilty. Thereafter, he was assigned counsel, and, with the assistance of PCR counsel, he filed a supplemental petition in December 2022. In his second certification, defendant asserted that his trial counsel coerced him into taking the plea, told him that he would get a non-custodial sentence, and that his counsel was unwilling and unable to take defendant's case to trial. Defendant also claimed he was innocent, that he did not know the cocaine was being delivered to his residence, and he did not intend to sell the cocaine.

The PCR court heard argument on the petition and defendant's motion to withdraw his guilty plea. Concerning the petition, the PCR court found that defendant was only offering "blanket bald statement[s]" and that he had failed

to establish a prima facie showing of ineffective assistance of counsel.  In that regard, the court found that defendant had not shown that his trial counsel had been deficient, nor had he shown any prejudice.

Regarding the motion to withdraw his guilty plea, the PCR court analyzed the governing law as set forth in State v. Slater, 198 N.J. 145 (2009).  The court then found that defendant had shown no colorable claim of innocence and he had failed to provide any evidence that he was coerced into pleading guilty. Finally, the court found that neither the third nor fourth Slater factor supported defendant's motion to withdraw his guilty plea.

## II.

On this appeal, defendant presents two arguments for our consideration, which he articulates as follows:

> POINT I – DUE TO COUNSEL'S UNDISCLOSED CANCER AND HIS THEN CHEMOTHERAPY AND RADIATION TREATMENT, COUNSEL WAS UNABLE AND UNWILLING TO TAKE THIS CASE TO TRIAL LEAVING DEFENDANT WITH NO OPTION OTHER THAN TO ENTER A GUILTY PLEA.  THIS CONDUCT RENDERED COUNSEL INEFFECTIVE AS COUNSEL IN THAT HE OFFERED DEFENDANT NO CHOICES EXCEPT TO PLEAD GUILTY.
>
> POINT II – THE TRIAL COURT ERRED IN NOT ALLOWING DEFENDANT TO WITHDRAW HIS PLEA OF GUILTY AS THIS PLEA WAS NOT

A-3592-22

VOLUNTARY AND ERRED IN NOT ORDERING
AN EVIDENTIARY HEARIN[G].

A. The PCR Petition.

When a PCR court does not conduct an evidentiary hearing, appellate courts review the denial of a PCR petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). The PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey). Under prong one, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Under prong two, a defendant must demonstrate "a reasonable probability that, but for

5

counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

When a defendant has pled guilty, he or she must also establish "'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial.'" State v. Gaitan, 209 N.J. 339, 351 (2012) (alteration in original) (quoting State v. Nuñez–Valdéz, 200 N.J. 129, 139 (2009)). In that regard, when a defendant has pled guilty to satisfy the second prong of the Strickland test, defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

Having conducted a de novo review of the record, we agree with the PCR court's decision to deny defendant's petition. Defendant failed to demonstrate a prima facie claim of ineffective assistance of counsel. He made no showing that counsel provided deficient service. His claim that his counsel was undergoing treatment is not supported in the record. More importantly, there was no showing that even if counsel had been receiving medical treatment, his performance was deficient. In that regard, when defendant pled guilty, he expressly testified that he was satisfied with his counsel's representation.

A-3592-22

Defendant has also made no showing of prejudice. He does not dispute that a package containing over five grams of cocaine was sent to his residence. In pleading guilty, he admitted that he received that large quantity of cocaine with the intent to sell the cocaine. In short, the record establishes that it would not have been rational for defendant to have rejected the plea bargain and proceeded to trial.

B. The Motion to Withdraw His Guilty Plea.

Motions to withdraw guilty pleas after sentencing are subject to the manifest injustice standard. Slater, 198 N.J. at 156 (citing R. 3:21-1). Courts evaluate four factors in assessing whether a defendant has demonstrated a valid basis for withdrawing a guilty plea. Id. at 157-58. Those factors are (1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether the withdrawal would result in unfair prejudice to the State or unfair advantage to the defendant. Ibid. Here, defendant did not establish any of the Slater factors.

Defendant did not make a colorable claim of innocence. Instead, as already pointed out, he now wants to change the testimony he gave when he pled guilty and argues that he perjured himself because he was forced to do so by his

counsel. Those arguments are rebutted by the record. In that regard, defendant's own testimony established that when he pled guilty, he did so voluntarily and knowingly. In his motion to withdraw his guilty plea, defendant only makes bald assertions that he was coerced into pleading guilty, but he provides no valid reasons for seeking to withdraw his guilty plea. Instead, the record shows that allowing defendant to withdraw his guilty plea at this time would prejudice the State because the passage of time would make it harder for the State to marshal the proofs that were available when defendant pled guilty.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3592-22